# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG ARSENAULT, ATLAS CAPITAL MANAGEMENT, INC., and ACT GLOBAL INVESTMENTS,<br><br>Defendants. | **Case No. 8:18-cv-02220-DOC (KESx)**<br><br>**PRELIMINARY INJUNCTION ORDER AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; AND (3) REQUIRING ACCOUNTINGS [13]** |

This matter is before the Court on the Consent and Stipulation of Craig Arsenault, Atlas Capital Management, Inc., and ACT Global Investments (collective "Defendants") to Entry of Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; and (3) Requiring Accountings.

The Court, having considered the SEC's Complaint, Motion for a Preliminary Injunction, supporting Memorandum of Points and Authorities, the supporting Declarations of Kelly Bowers, Lorraine Pearson, Richard Donner, Elisha Wuertz, and Andrew Heimbold, the exhibits attached thereto, as well as the Defendants' Consent Stipulation, finds that:

**A.** This Court has jurisdiction over the parties to, and the subject matter of, this action.

**B.** Defendants have consented to the entry of a preliminary injunction on the terms below:

## I.

IT IS HEREBY ORDERED that the SEC's Motion for a Preliminary Injunction is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Craig Arsenault, Atlas Capital Management, Inc., and ACT Global Investments, and their officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial of the action, from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of material fact or to omit to state a

material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not materially misleading; and

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

## IV.

IT IS FURTHER ORDERED that Defendants Craig Arsenault, Atlas Capital Management, Inc., and ACT Global Investments, and their officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial of the action, from directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## V.

IT IS FURTHER ORDERED that Defendants Craig Arsenault and Atlas Capital Management, Inc., and their officers, agents, servants, employees, attorneys,

successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial of the action, from:

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant ACT Global Investments, and their officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined, pending trial of the action, from directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of ACT Global Investments, or its subsidiaries or affiliates, including but not limited to AJF Development Group, LLC, or owned by, controlled by, managed by or in the possession or custody of ACT Global Investments.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any

bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by ACT Global Investments, or itsitssubsidiaries or affiliates, including but not limited to AJF Development Group, LLC, or owned by, controlled by, managed by or in the possession or custody of ACT Global Investments including, but not limited to, the bank accounts and parcels of real estate listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank, NA | ACT Global Investments | XXXX 5551 |
| J.P Morgan Chase | ACT Global Investments | XXXX 7259 |
| J.P Morgan Chase | AJF Development Group, LLC | XXXX 3782 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court:

| Parcel Address | Entity Name |
|---|---|
| Parcel B in the City of Oceanside, County of San Diego, State of California, as shown on Parcel Map recorded in the Book of Parcel Maps at Page 1935 in the Office of the County Recorder of San Diego | ACT Global Investments/AJF Development Group, LLC. |

| Parcel Address | Entity Name |
|---|---|
| County, also known as: Vacant Land 146-140-22-00 Mission Avenue, Oceanside, CA 92054 | |

## VIII.

IT IS FURTHER ORDERED that Craig Arsenault and ACT Global Investments, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their respective assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered by email to the SEC to the attention of Donald W. Searles, counsel for the SEC, searlesd@sec.gov. After completion of the accounting, Craig Arsenault and ACT Global Investments produce to the SEC, at a time agreeable to the SEC, all books, records and other documents supporting or underlying each of their accountings.

## IX.

IT IS FURTHER ORDERED that Faith Devine is appointed to serve as permanent receiver for the estate **of** ACT Global Investments, and its successors, subsidiaries or affiliates, including but not limited to AJF Development Group, LLC., (the "Receivership Entity") with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entity and that such receiver is immediately authorized, empowered and directed:

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, personal computers, papers and other real or personal property, wherever located, of or managed by Receivership Entity, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all property of the Receivership Entity property;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the Receivership Entity, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of the Receivership Entity, or which maintains accounts over which the Receivership Entity, and/or any of its employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by the Receivership Entity, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the Receivership Entity;

E. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of the Receivership Entity, and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging her duties as permanent receiver;

G. to employ attorneys, accountants, and others to investigate and, where

PRELIMINARY INJUNCTION ORDER 7

appropriate, to institute, pursue, prosecute and defend all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of the Receivership Entity; and

    H.    to have access to and monitor all mail, electronic mail, and video phone of the Receivership Entity in order to review such mail, electronic mail, and video phone which she deems relates to its business and the discharging of her duties as permanent receiver.

IT IS FURTHER ORDERED that the Receivership Entity and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, personal computers, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of the Receivership Entity shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entity without the written consent of the permanent receiver or order of this Court.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from the Receivership Entity, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

  A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

  B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of the Receivership Entities; and

  C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of the Receivership Entity, or in any way to interfere with or harass the permanent receiver or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## X.

IT IS FURTHER ORDERED that the Receivership Entity, and their officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XI.

IT IS FURTHER ORDERED that the Receivership Entity shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist

her in carrying out her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

### XIII.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of the Receivership Entity and continuing access to inspect its funds, property, assets and collateral, wherever located.

### XIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: December 27, 2018

_David O. Carter_
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE